**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PINNACLE POLYMERS LLC, | : | |
| | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| F&M TOOL AND PLASTICS, INC. | : | |
| | : | |
| Defendant. | : | |

**<u>COMPLAINT</u>**

For its Complaint against Defendant F&M Tool and Plastics, Inc., Plaintiff

Pinnacle Polymers LLC avers as follows:

1.      Plaintiff Pinnacle Polymers LLC ("Plaintiff" or "Pinnacle") is a privately

held Delaware Limited Liability Company with its headquarters and principal place of

business located at One Pinnacle Avenue, Garyville, LA 70051.

2.      Pinnacle is a chemical company engaged, *inter alia*, in the business of

manufacturing polypropylene polymers ("Product").

3.      Upon information and belief, Defendant F&M Tool and Plastics, Inc.

("Defendant" or "F&M") is a privately held Massachusetts Corporation with its

headquarters and principal place of business located at 163 Pioneer Drive, Leominster,

MA 01453.

4.      Upon information and belief, F&M is a manufacturer and seller of various

types of plastic products.

5.      This action is for breach of contract and unjust enrichment.

6.      A true and correct copy of the relevant portions of the contract at issue is

attached hereto as "Exhibit A" (the "Contract").

1

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over the parties in this case by consent granted through a forum selection clause found in paragraph 19 of the attached Contract.

8.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the dispute is between the corporate citizens of two different states.  Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant is subject to personal jurisdiction in this district and has consented to this venue.

## FACTS

10.     Pinnacle and F&M entered into the attached Contract on or about April 3, 2018.

11.     Pinnacle fulfilled all on its obligations under the Contract, including shipping approximately $959,411.50-worth of Product to F&M from about May of 2018 through about June of 2018.  True and correct copies of the shipment invoices are attached hereto as "Exhibit B".

12.     Pursuant to paragraph 8 of the Contract, F&M was to pay Pinnacle for any Product purchased under the Contract "net thirty (30) days from the date of shipment...."

13.     To date, F&M has only paid only a very small portion of the amount due under the Contract and still owes over $900,000.00 for Product that it has received from Pinnacle.

## COUNT I

### BREACH OF CONTRACT

14.     Pinnacle incorporates by reference each and every one of the foregoing paragraphs of this Complaint as though set forth at length here.

15.     Pinnacle and F&M entered into the Contract whereby F&M agreed, among other things, to pay Pinnacle within thirty days for Product that is purchased and shipped to F&M.

16.     F&M has breached the Contract by failing to pay Pinnacle in full within thirty (30) days for the amount of Product purchased and shipped pursuant to the Contract.

17.     As a result of F&M's breach, Pinnacle has sustained significant damages in excess of $75,000 (including interest and late fees due under the Contract) and will continue to do so until full payment due under the Contract is made.

## COUNT II

### UNJUST ENRICHMENT

18.     Pinnacle incorporates by reference each and every one of the foregoing paragraphs of this Complaint as though set forth at length here.

19.     F&M has unjustly received a benefit from Pinnacle in the form of $959,411.50-worth of Product, which F&M ordered from Pinnacle.

20.     F&M has failed to pay Pinnacle the value of the Product it received from Pinnacle.

21.     F&M has appreciated, accepted, and retained this Product that it received from Pinnacle.

22.     It would be unjust and inequitable for F&M not to reimburse Pinnacle for the full value of the Product that it received.

23.     Accordingly, F&M has been unjustly enriched by retaining $959,411.50-worth of Product shipped by Pinnacle without making full payment.

24.     As a result of F&M's unjust enrichment, Pinnacle has unfairly sustained significant damages and will continue to do so.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Pinnacle and against Defendant F&M in an amount in excess of seventy-five thousand dollars ($75,000), including actual, compensatory, consequential, and punitive damages (including interest and late fees due under the Contract).  Alternatively, Plaintiff seeks equitable relief and reimbursement for the $959,411.50-worth of Product shipped by Pinnacle.  In either event, Plaintiff also demands that the Court award Plaintiff its costs, expenses, attorneys' fees, and order such other and further relief as this Court deems necessary and just.  A jury trial is demanded.


Dated: August 20, 2018

Lance Rogers
Joseph R. Heffern
ROGERS CASTOR
26 East Athens Ave.
Ardmore, PA 19003
610-649-1880
877-649-1880 (fax)

*Attorneys for the Plaintiff,*
*Pinnacle Polymers LLC*

4